JEFFREY B. SETNESS, ESQ.
Nevada State Bar No. 2820
Fabian VanCott
601 South Tenth Street, Suite 204
Las Vegas, Nevada 89101
Telephone:   (702) 930-5728
Facsimile:    (877) 868-1198
E-mail:         jsetness@fabianvancott.com

*Attorneys for Defendant Jason A. Kotzker*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SEQUOIA ONE, LLC, a Wyoming limited liability company, GEN X MARKETING GROUP, LLC, a Florida limited liability company, JASON A. KOTZKER, THERESA D. BARTHOLOMEW, JOHN E. BARTHOLOMEW, JR., AND PAUL T. MCDONNELL,<br><br>**Defendants.** | CASE NO. 2:15-cv-01512-JCM-CWH<br><br>NOTICE OF MOTION AND MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEFFREY B. SETNESS; DECLARATION OF JASON A. KOTZKER |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

COMES NOW Defendant JASON A. KOTZKER by and through his counsel, Jeffrey B. Setness of the law firm of Fabian & Clendenin, P.C. and hereby moves this Court for an order staying this civil action as against Kotzker pending the resolution of the ongoing federal criminal investigation against Kotzker.

This Motion is made on the grounds that a stay of this civil action is necessary to protect Kotzker's Fifth Amendment rights in connection with the ongoing federal criminal investigation which relates to, among other things, the same underlying facts that give rise to this action. This Motion is based on:

    1.    This Notice of Motion and Motion;

    2.    The Memorandum of Points and Authorities that follows;

---

**KOTZKER'S MOTION TO STAY CIVIL ACTION**

| | | |
|---|---|---|
| 1 | 3. | The Declaration of Jeffrey B. Setness; |
| 2 | 4. | The Declaration of Jason A. Kotzker; |
| 3 | 5. | All pleadings and files in this matter; and |
| 4 | 6. | Such additional evidence and argument as may be permitted by the Court. |

_Oct 2, 2015_
**DATE**

**Fabian VanCott**

By: _____
**JEFFREY B. SETNESS**
*Attorneys for Defendant Jason A. Kotzker*

**KOTZKER'S MOTION TO STAY CIVIL ACTION**

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A. December 2014 Grand Jury Subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B. January 7, 2015 Interview of Kotzker . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C. January 22, 2015 Proffer at the United States Attorney's Office in Denver . . . 3

    D. January 30, 2015 Plea Offer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A. Fifth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B. Power of Court to Stay Civil Proceedings in the Interests of Justice . . . . . . . . . 5

    C. The Interests of Justice Mandate Imposition of a Stay of the Civil Proceedings Because Kotzker's Fifth Amendment Rights Are Directly Implicated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    D. Application of Keating Factors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        1. "The Interest of The Plaintiffs in Proceeding Expeditiously With This Litigation or Any Particular Aspect of It, And the Potential Prejudice to Plaintiffs Of A Delay" - A Stay Will Not Result in Any Prejudice the FTC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        2. "The Burden Which Any Particular Aspect of the Proceedings May Impose on Defendant" – Kotzker Will Suffer Undue Prejudice if He is Compelled to Defend Himself Simultaneously in the Civil and Criminal Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        3. "The Convenience of the Court in the Management of its Cases, and the Efficient Use of Judicial Resources" – A Stay is the Most Efficient Use of Judicial Resources . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        4. "The Interests of Persons Not Parties to the Civil Litigation" - The Interests of Non-Parties Weigh in Favor of the Stay . . . . . . . . . . . . . . . 7

        5. "The Interest of the Public In The Pending Civil And Criminal Litigation" - The Interest of the Public Favors a Stay . . . . . . . . . . . . . . 7

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Doe ex rel. Rudy-Glanzer v. Glanzer,*
232 F.3d 1258, 1263 (9th Cir. 2000) .................................... 4, 5

*Javier H. v. Garcia-Botello,*
218 F.R.D. 72, 75 (W.D.N.Y. 2003) ..................................... 7

*Jones v. Conte,*
2005 WL 1287017 .................................................... 7

*Keating v. Office of Thrift Supervision,*
45 F.3d 322, 324-325 (9th Cir. 1995) .................................. 6

*Lefkowitz v. Turley,*
414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973) ................... 4

*Federal Savings and Loan Insurance Corporation v. Molinaro,*
889 F.2d 899, 902 (9th Cir. 1989) ..................................... 6

*SEC v. Dresser Industries, Inc.,*
628 F. 2d 1368, 1375 (D.C. Cir. 1980) ................................. 5

*Taylor, Bean & Whitaker Mortgage Corporation v. Triduanium Financial,*
2009 WL 2136986 (E.D. Cal. 2009) .................................... 6, 7

*United States of America v. Cuthel, et al.,*
903 F.2d 1381, 1384 (11th Cir. 1990) .................................. 5

*United States v. Kordel,*
397 U.S. 1, 12 n.27 (1970) ............................................ 5

## PUBLICATIONS

*Parallel Civil and Criminal Proceedings,*
Milton Pollack, J., U.S. Dist. Ct., S.D.N.Y., 129 F.R.D. 201, (Oct. 17-19 1989) .......... 1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The above-captioned civil action commenced by Plaintiff Federal Trade Commission (hereinafter "FTC") against Kotzker and others arises from some of the same facts that are currently being investigated by the U.S. Postal Inspection Service, the U.S. Department of Justice, and the U.S. Attorney's Office for the District of Nevada.

In light of this ongoing federal criminal investigation, Kotzker should not be forced to choose between defending himself in this civil action brought by one federal government agency (the FTC) and preserving his Fifth Amendment rights in the ongoing federal criminal investigation being conducted by other federal government agencies (U.S. Postal Inspection Service, the U.S. Department of Justice, and the U.S. Attorney's Office for the District of Nevada). To protect his Fifth Amendment rights, a stay of this civil proceeding is required during the pendency of ongoing parallel federal criminal investigation.

The dilemma facing a court in a situation such as this was explained quite eloquently by former United States District Court Judge Milton Pollack in his October 1989 presentation at the Transferee Judges' Conference entitled *Parallel Civil and Criminal Proceedings* when he stated that:

> When parallel civil and criminal actions arising from the same transactions or issues have been instituted, **a court is faced with a dilemma. On the one hand, a parallel civil proceeding <u>can vitiate the protections afforded the accused in the criminal proceeding if the prosecutor can use information obtained from him through civil discovery or testimony elicited in the civil litigation.</u>** This also may cause him to confront the prospect of divulging information which may incriminate him. On the other hand, the pendency of a parallel criminal proceeding can impede the search for truth in the civil proceeding if the accused resists disclosure and asserts his privilege against self-incrimination and thereby conceals important evidence. It may be that the Government seeks to withhold discovery which is § 3500 material for the criminal trial and thereby deprives the defendant in the civil case of the means to defend fully therein.

(Emphasis added and underlining added.) *Parallel Civil and Criminal Proceedings*, Milton Pollack, J., U.S. Dist. Ct., S.D.N.Y., 129 F.R.D. 201, (Oct. 17-19 1989).

//

**KOTZKER'S MOTION TO STAY CIVIL ACTION - 1**

II. **FACTUAL BACKGRPOUND**

The following factual background is provided:

A. **December 2014 Grand Jury Subpoena**

In early December 2014, Kotzker, received a Grand Jury Subpoena addressed to Sequoia One, LLC from Assistant United States Attorney Christina Brown demanding the production of records relating to ProCheck LLC, Gareth David Long, and others.

It is widely known that the issuance of a grand jury subpoena by an Assistant United States Attorney is evidence that a federal criminal investigation is underway and it is worthy of note that this grand jury subpoena was issued to Sequoia One, LLC who is a named defendant in the above-captioned civil action.

B. **January 7, 2015 Interview of Kotzker**

On January 7, 2015, Postal Inspector Clayton Gerber and another Postal Inspector of the United States Postal Inspection Service appeared at Kotzker's residence in Highlands Ranch, Colorado and requested that Kotzker submit to an interview. During the course of this interview which lasted approximately two hours, the Postal Inspectors asked Kotzker questions regarding, among other things, Kotzker's relationship and dealings with various individuals and entities including but not limited to: (1) Theresa Bartholomew; (2) John E. Bartholomew, Jr.; (3) Paul T. McDonnell; (4) Gen X Marketing Group, LLC; and (5) Sequoia One, LLC.

According to the Mission Statement of the United States Postal Inspection Service,

> U.S. Postal Inspectors are federal law enforcement officers who carry firearms, make arrests, execute federal search warrants, and serve subpoenas. Inspectors work with U.S. Attorneys, other law enforcement, and local prosecutors to investigate cases and prepare them for court. Inspectors throughout the country enforce roughly 200 federal laws related to crimes that adversely affect or entail fraudulent use of the U.S. Mail, the postal system, postal employees, and customers.

A copy of the United States Postal Inspection Service Mission Statement is attached as **Exhibit 1** to the Declaration of Jeffrey B. Setness.

//

//

**KOTZKER'S MOTION TO STAY CIVIL ACTION - 2**

Second, many of the Postal Inspectors' questions during this lengthy interview related to the vary individuals and entities who are also named as defendants in the above-captioned civil action.

### C. January 22, 2015 Proffer at the United States Attorney's Office in Denver

On January 22, 2015, Kotzker and his counsel attended a proffer at the United States Attorney's Office in Denver, Colorado which was attended by Assistant United States Attorney Christina Brown, Department of Justice Trial Attorneys Josh Burke and David Frank, and Postal Inspector Gerber. This proffer lasted for approximately 5 ½ hours and, during the proffer, Kotzker was asked questions regarding, among other things, his involvement with: (1) Theresa Bartholomew; (2) John E. Bartholomew, Jr.; (3) Paul T. McDonnell; (4) Gen X Marketing Group, LLC; and (5) Sequoia One, LLC.

A substantial number of the questions posed by these federal law enforcement officers related to the same individuals and entities who are named as defendants in the above-captioned civil action.

### D. January 30, 2015 Plea Offer

On January 30, 2015, the Department of Justice submitted a plea offer to counsel for Kotzker which would require Kotzker to plead guilty to a federal felony.

Based upon the foregoing facts, the following conclusions can reasonably be drawn:

1. This pending FTC civil action is based upon some of the same facts that are currently under investigation by the U.S. Postal Inspection Service, the U.S. Department of Justice, and the U.S. Attorney's Office for the District of Nevada.

2. Based upon the submission of a plea offer to Kotzker in January 2015, it is clear that Kotzker has been and continues to be a target of a federal criminal investigation.

3. The adjudication of this civil action would implicate many of the factual issues underlying the criminal investigation.

4. It is reasonable to conclude that there is a possibility that at some point in time this matter may be presented for an indictment.

//

**KOTZKER'S MOTION TO STAY CIVIL ACTION - 3**

5.  Any discovery propounded by the FTC on Kotzker in this action will implicate Kotzker's Fifth Amendment rights in the ongoing federal criminal investigation. Kotzker should not be forced to choose between defending himself in this federal civil action brought by one federal government agency and preserving his Fifth Amendment rights in a federal criminal investigation instituted by other federal government agencies. In addition, without a stay, these federal law enforcement agencies would undoubtedly monitor these civil proceedings hoping to obtain incriminating testimony through civil discovery which not only undermines the Fifth Amendment privilege, but also violate concepts of fundamental fairness.

### III. ARGUMENT

#### A. Fifth Amendment

The Fifth Amendment to the United States Constitution states, "No person . . . shall be compelled in any criminal case to be a witness against himself. . ."

The Fifth Amendment Privilege against self-incrimination may be asserted in a deposition in a civil case. In the case of *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000), the Ninth Circuit stated that ". . . Notwithstanding the text that seemingly limits the right against self-incrimination to the criminal context, the Fifth Amendment's protections have been deemed to apply to civil proceedings. See *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973)." Therefore, Kotzker would have the right to assert his Fifth Amendment privilege at practically every stage of the above-captioned civil action, including, but not limited to, discovery.

In *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000), the Ninth Circuit stated that ". . . Therefore, the "privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution" and also covers those circumstances where the disclosures would not be directly incriminating, but could provide an indirect link to incriminating evidence. (Citation omitted.) . . ." In *United States of America v. Cuthel, et al.*, 903 F.2d 1381, 1384 (11th Cir. 1990), the Eleventh Circuit stated that ". . . A witness may properly invoke the privilege when he "reasonably apprehends a risk of self-incrimination, . . . though no criminal charges are pending against him . . . and even if the risk of prosecution is remote."

**KOTZKER'S MOTION TO STAY CIVIL ACTION - 4**

Kotzker thus has the right to assert his Fifth Amendment privilege even though no indictment has been returned at the present time.

### B. Power of Court to Stay Civil Proceedings in Interests of Justice

In *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970), the Supreme Court noted that, "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, (citations omitted)." See also *SEC v. Dresser Industries, Inc.*, 628 F. 2d 1368, 1375 (D.C. Cir. 1980) – "…a court may decide in its discretion to stay civil proceedings, . . . when the interests of justice seem to require such action, sometimes at the request of the prosecution, * * * sometimes at the request of the defense. (Citations omitted)."

### C. The Interests of Justice Mandate Imposition of a Stay of the Civil Proceedings Because Kotzker's Fifth Amendment Rights Are Directly Implicated

Kotzker will be unable to defend himself in this civil action in any meaningful fashion without implicating his rights under the Fifth Amendment. For example, responding to the Complaint; compelling Kotzker to produce documents; responding to interrogatories and sitting for deposition, are all testimonial acts protected by the Fifth Amendment privilege.

### D. Application of Keating Factors

In *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-325 (9th Cir. 1995), the Ninth Circuit stated that:

> ". . . The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.' *Molinaro*, 889 F.2d at 902. This means the decision maker should consider '<u>the extent to which the defendant's Fifth Amendment rights are implicated</u>.' *Id.* In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Id.* at 903." (Emphasis and underlining added.)

*See also, Taylor, Bean & Whitaker Mortgage Corporation v. Triduanium Financial*, 2009 WL 2136986 (E.D. Cal. 2009). The application of the *Keating* factors is set forth below:

> 1. **"The Interest of the Plaintiffs in Proceeding Expeditiously with this Litigation or any Particular Aspect of It, and the Potential Prejudice to Plaintiffs of a Delay" - A Stay Will Not Result in any Prejudice of the FTC**

As an initial matter, the FTC cannot legitimately claim that staying the civil action during the pendency of the criminal investigation will cause any prejudice because there is no evidence that Kotzker is currently engaging in any of the conduct alleged in the Complaint. In addition, some of the other defendants have already reached agreements with the FTC.

> 2. **"The Burden Which Any Particular Aspect of the Proceedings May Impose on Defendant" – Kotzker Will Suffer Undue Prejudice if He is Compelled to Defend Himself Simultaneously in the Civil and Criminal Proceedings**

In contrast to the FTC, Kotzker will suffer substantial and undue prejudice because the absence of a stay would undermine Kotzker's constitutional rights against self-incrimination.

> 3. **"The Convenience of the Court in the Management of its Cases, and the Efficient Use of Judicial Resources" – A Stay is the Most Efficient Use of Judicial Resources**

In *Taylor, Bean & Whitaker Mortgage Corporation v. Triduanium Financial*, 2009 WL 2136986 (E.D.Cal. 2009), the District Court stated, in pertinent part, as follows:

> Moreover, this **case is in the early stages of litigation. No answer has been filed, no scheduling order has been issued, and no dispositive motions have been filed.** *Cf. Brown*, 857 F.Sup. at 1387-92 (denying a motion to stay filed three weeks prior to trial, after discovery was completed). "**Staying the case makes efficient use of judicial resources** by 'insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination.'" *Jones*, 2005 WL 1287017, at *2 (quoting *Javier H.*, 218 F.R.D. at 75). Furthermore, the public interest is served by a stay in this matter. Id. ("[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant."). (Emphasis and underlining added.)

Just like *Taylor*, the case at hand is in the early stages and no answer has been filed, therefore, a stay of this civil action at the early stage will conserve the judicial resources of this Court.

/ /

/ /

**KOTZKER'S MOTION TO STAY CIVIL ACTION - 6**

4.   **"The Interests of Persons Not Parties to the Civil Litigation" - The Interests of Non-Parties Weigh in Favor of the Stay**

The factor of the interests of third parties and the public—also weigh heavily in favor of a stay. In addition, a stay will avoid moving forward with civil discovery involving wasteful depositions and discovery from non-parties, when the resolution of the criminal proceeding could have a direct impact on issues in the civil action.

5.   **"The Interest of the Public in the Pending Civil and Criminal Litigation" - The Interest of the Public Favors a Stay**

The interest of the public favors a stay because "the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Javier H. v. Garcia-Botello,* 218 F.R.D. 72, 75 (W.D.N.Y. 2003) cited by District Court Judge Ilston in *Jones vs. Conte,* Case No. 3:04-cv-05312, Document No. 37, April 19, 2005.

## IV.   CONCLUSION

Based upon the foregoing, Kotzker respectfully request that the Motion be granted and this action be stayed as to Kotzker pending the conclusion of the criminal investigation and any other later proceedings.

OCT 2, 2015
DATE

Fabian VanCott

By: _____
JEFFREY B. SETNESS
*Attorneys for Defendant Jason A. Kotzker*

**KOTZKER'S MOTION TO STAY CIVIL ACTION - 7**

# CERTIFICATE OF SERVICE

In accordance with Rule 49(c) of the Federal Rules of Criminal Procedure and Rule 47-11 of the Local Rules of Practice of the United States District Court for the District of Nevada, I certify that I am an employee of Fabian VanCott and that on this 2nd day of October, 2015, I did cause a true copy of:

**NOTICE OF MOTION AND MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEFFREY B. SETNESS; DECLARATION OF JASON A. KOTZKER**

to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System in this action.

By: */s/ Sara M. Cameron*
An Employee of
Fabian VanCott