JEFFREY B. SETNESS, ESQ.
Nevada State Bar No. 2820
Fabian VanCott
601 South Tenth Street, Suite 204
Las Vegas, Nevada 89101
Telephone:   (702) 930-5728
Facsimile:   (877) 868-1198
E-mail:   jsetness@fabianvancott.com

*Attorneys for Defendant Jason A. Kotzker*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SEQUOIA ONE, LLC, a Wyoming limited liability company, GEN X MARKETING GROUP, LLC, a Florida limited liability company, JASON A. KOTZKER, THERESA D. BARTHOLOMEW, JOHN E. BARTHOLOMEW, JR., AND PAUL T. MCDONNELL,<br><br>Defendants. | CASE NO. 2:15-cv-01512-JCM-CWH<br><br>KOTZKER'S REPLY TO "FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANT JASON KOTZKER'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF CRIMINAL PROCEEDINGS" |

COMES NOW Defendant JASON A. KOTZKER by and through his counsel, Jeffrey B. Setness of the law firm of Fabian VanCott and files the following Reply to "Federal Trade Commission's Opposition to Defendant Jason Kotzker's Motion to Stay Proceedings Pending Resolution of Criminal Proceedings" filed on October 15, 2015 (Docket Number 25). This Reply will respond to the arguments made by the FTC in the same order as set forth in their Opposition.

I.     **The Existence of a Criminal Investigation is Beyond Dispute**

On Page 2, Lines 10-11, the FTC states, "Kotzker's activities have apparently caught the eye of criminal law enforcement authorities and *he believes* he is the *subject* of a criminal investigation." (Emphasis added.)  Based upon the foregoing, it appears that the FTC is questioning whether or not there is an actual criminal investigation under way and that Kotzker is a target of said investigation.

**KOTZKER'S REPLY TO OPPOSITION TO MOTION TO STAY - 1**

1   First, as set forth in the Declaration of Jeffrey B. Setness in Support of Motion to Stay (Docket Number 22-2), on January 30, 2015, via e-mail, the Department of Justice submitted a plea offer to the former counsel for Kotzker which would require Kotzker to plead guilty to a federal felony.  Apparently, this representation in the Declaration was insufficient to convince the FTC that a criminal investigation is under way and that Kotzker is a target; therefore, the undersigned has prepared a Supplemental Declaration of Jeffrey B. Setness in Support of Motion to Stay which attached as an exhibit the actual redacted e-mail from the Department of Justice.

Second, the undersigned is providing the FTC with the contact information for the Department of Justice attorney who is heading up this criminal investigation, which is as follows:

> Josh Burke
> Trial Attorney
> Consumer Protection Branch
> U.S. Department of Justice – Civil Division
> 950 Pennsylvania Avenue, N.W.
> Washington, DC 20530-0001
> Phone: (202) 353-2001
> E-mail: Josh.Burke@usdoj.gov

If the FTC should have any doubt that a criminal investigation is currently under way, I would recommend that they contact Trial Attorney Josh Burke either by telephone or by e-mail to confirm this fact.

Third, as set forth in the Supplemental Declaration of Jeffrey B. Setness in Support of Motion to Stay, earlier this week, the undersigned contacted Trial Attorney Josh Burke and confirmed that the criminal investigation is continuing.

**II.     Whether or Not an Indictment is Imminent is Irrelevant**

On Page 3, Lines 21-26, the FTC states as follows:

> As noted, Kotzker has not been indicted, nor does Kotzker point to anything in his motion that suggests his indictment is imminent.  To the contrary, the last interaction with criminal law enforcement authorities mentioned in his motion was in January 2015, approximately nine months ago. (Def. Memo at 3.)  Without an indictment pending against him, the extent to which his Fifth Amendment rights may be implicated in this civil proceeding is speculative and unclear.

First, whether or not an indictment "is imminent" is irrelevant to the valid exercise of an individual's Fifth Amendment right against self-incrimination.

**KOTZKER'S REPLY TO OPPOSITION TO MOTION TO STAY - 2**

1  Second, anyone who has any knowledge about or experience with federal criminal
2  investigations is well aware that many federal criminal investigations are ongoing for months, if
3  not years.
4  Third, as set forth in the Supplemental Declaration of Jeffrey B. Setness in Support of
5  Motion to Stay, yesterday, the undersigned contacted Trial Attorney Josh Burke and confirmed
6  that the criminal investigation is ongoing.
7  Fourth, when an individual is under federal criminal investigation, it is not "speculative
8  and unclear" how an individual's Fifth Amendment rights may be implicated. When the
9  Department of Justice proposes that an individual plead guilty to a felony, there is nothing
10 "speculative and unclear" about that.

**III.    The FTC Will Not be Prejudiced by a Stay**

On Page 5, Lines 14-15, the FTC states, "A stay of this proceeding will negatively impact the FTC in several different ways and this factor therefore weighs against a stay."

First, an examination of the FTC's "Complaint for Permanent Injunction and Other Equitable Relief" filed on August 7, 2015 (Docket Number 1) does not support the FTC's claim that they will be negatively impacted. Specifically, the Complaint contains no allegations that the alleged activity is ongoing. In fact, a review of Paragraphs 14, 20, 22, and 25 of the Complaint make it clear that the alleged activity apparently ended in early 2013.

Second, a review of the Docket Report and pleadings filed in this matter indicates that the FTC has resolved this litigation with Defendants Theresa D. Bartholomew, John E. Bartholomew, Jr., and Paul T. McDonnell.

Third, the FTC is apparently conceding that there is absolutely no evidence that Kotzker is currently engaged in the same type of conduct that is alleged in the Complaint when the FTC argues on Page 5, Lines 23-24, "However, there is nothing to stop him from starting up the same or similar practices, and enforcement of the FTC Act is therefore still vital."

Fourth, it is undeniable that this litigation is at its earliest stages, and this Motion to Stay was brought by Kotzker at the earliest possible time.

//

---

**KOTZKER'S REPLY TO OPPOSITION TO MOTION TO STAY - 3**

### IV. The FTC's Opposition Ignores the Reality that this Situation was Caused by Two Government Agencies and Does Not Involve Private Litigants

It is asserted that we are confronted with an unusual situation in this case – one agency of the United States Government is pursuing a civil action when another agency of the United States Government is pursuing a criminal investigation. In other words, we are talking about a situation of the Government's making that does not involve any private litigants.

### V. In Other Proceedings, the Government has Taken the Opposite Position – Should the Government be Permitted to "Blow Hot and Cold"?

A review of other cases in the District of Nevada reveals that the Government does not always take the position that the civil proceedings should be allowed to proceed. On June 20, 2013 in the case of *Securities and Exchange Commission v. ARVCO Capital Research, LLC*, Case No. 3:12-cv-00221-MMD-WGC, the Government filed "United States' Motion to Intervene and to Stay Discovery; Memorandum of Points and Authorities in Support of Same; [Proposed] Order" (Docket Number 41). In that pleading, the United States argued the following:

> **The Court should stay any further civil discovery** to prevent the defendants from gaining unfair access to discovery. . . **Recognizing the likelihood of harm to the United States' and the public's interest in law enforcement**, courts have issued stays to prevent criminal defendants from using civil discovery to circumvent narrow criminal discovery rules. **Issuing a stay is particularly important where, as here, the subject matters of the civil and criminal cases are the same** – and where both defendants stand accused of obstructing the underlying criminal and civil investigation. (Emphasis added.)

A copy of the "United States' Motion to Intervene and to Stay Discovery; Memorandum of Points and Authorities in Support of Same; [Proposed] Order" is attached as Exhibit 2 to the Supplemental Declaration of Jeffrey B. Setness in Support of Motion to Stay. The fact that the Government takes inconsistent positions on different cases should be considered by the Court when analyzing the claim that the FTC will be prejudiced by a stay.

//

//

//

//

//

**KOTZKER'S REPLY TO OPPOSITION TO MOTION TO STAY - 4**

## VI. Conclusion

Based upon the foregoing, Kotzker respectfully request that the Motion be granted and this action be stayed as to Kotzker pending the conclusion of the criminal investigation and any other later proceedings.

_Oct 22 2015_
DATE

Fabian VanCott

By: _[signature]_
JEFFREY B. SETNESS
*Attorneys for Defendant Jason A. Kotzker*

**KOTZKER'S REPLY TO OPPOSITION TO MOTION TO STAY - 5**

# CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Nevada, I certify that I am an employee of Fabian VanCott and that on this 22nd day of October, 2015, I did cause a true copy of:

**KOTZKER'S REPLY TO "FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANT JASON KOTZKER'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF CRIMINAL PROCEEDINGS"**

to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System in this action.

By: /s/ *Sara M. Cameron*
    An Employee of
    Fabian VanCott