1
2
3
4           **UNITED STATES DISTRICT COURT**
5           **DISTRICT OF NEVADA**
6
7    FEDERAL TRADE COMMISSION,            )
8                        Plaintiff,        )        Case No.  2:15-cv-01512-JCM-CWH
                                          )
9    vs.                                  )        **ORDER**
                                          )
10   SEQUOIA ONE, LLC, et al.,            )
                                          )
11                       Defendants.       )
     _____)
12
13          Presently before the court is Defendant Jason A. Kotzker's Motion to Stay Civil Action
14   Pending Resolution of Criminal Proceedings (ECF No. 22), filed on October 2, 2015.  The Federal
15   Trade Commission ("FTC") filed a response (ECF No. 25) on October 15, 2015.  Defendant
16   Kotzker filed a reply (ECF No. 26) on October 22, 2015.
17   **I.       BACKGROUND**
18          The FTC alleges that Defendant Kotzker ("Kotzker") is an owner, member, and/or manager
19   of Defendants Sequoia One, LLC ("Sequoia One") and Gen X Marketing Group, LLC ("Gen X"),
20   which are companies transacting business related to payday loans.  (Compl. (ECF No. 1) at 2-3.)
21   Specifically, the defendants in this case, including Kotzker, Sequoia One, and Gen X, allegedly
22   operated as data brokers, collecting and selling sensitive consumer information from consumer
23   payday loan applications to non-lenders who had no legitimate need for the information.  (*Id.* at 6-
24   8.)  The non-lenders allegedly used the consumers' payday loan applications, which contained the
25   Social Security and financial account numbers, to commit fraud, including making millions of
26   dollars in unauthorized debits from consumers' bank accounts.  (*Id.* at 3, 8-9.)  According to the
27   FTC, Kotzker and the other defendants continued selling information to the third party non-lenders
28   even though they had indicators that the non-lenders were using the consumers' sensitive

1    information to debit the consumers' bank accounts without the consumers' knowledge or consent.

2    (*Id.* at 8-10.)

3          On August 7, 2015, the FTC brought this lawsuit against defendants, alleging a claim for

4    violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45, and seeking

5    monetary and injunctive relief.  (*Id.* at11-12.)  Defendants Theresa D. Bartholomew, John E.

6    Bartholomew, Jr., and Paul T. McDonnell subsequently entered into consent judgments, leaving

7    Kotzker, Sequoia One, and Gen X as the only remaining defendants in this case.  (*See* Order

8    Granting Mot. for Perm. Inj. as to Def. Paul McDonnell (ECF No. 11); J. (ECF. No. 12); Order

9    Granting Mot. for Perm. Inj. as to Defs. Theresa Bartholomew and John Bartholomew (ECF No.

10    13); J. (ECF No. 14).)

11          Kotzker now moves to stay this case, arguing there is an ongoing federal criminal

12    investigation against him by various federal agencies and that a stay of this case pending the

13    conclusion of the criminal investigation and any later criminal proceedings is necessary to protect

14    his Fifth Amendment rights.  The FTC responds that Kotzker has not met his burden of establishing

15    that a stay is appropriate because Kotzker has not been indicted and because the requested stay is

16    indefinite.  Without a pending indictment, the FTC argues the extent to which Kotzker's Fifth

17    Amendment rights may be implicated in this case is speculative.  The FTC also argues that the

18    possibility that Kotzker may want to assert his Fifth Amendment privilege in this case does not

19    overcome the prejudice the stay would have on the FTC, the public, the consumer victims, and the

20    judicial system.   Kotzker replies that whether an indictment is imminent is irrelevant to his valid

21    exercise of his Fifth Amendment rights in this case.

22    **II.**    **ANALYSIS**

23          "The Constitution does not ordinarily require a stay of civil proceedings pending the

24    outcome of criminal proceedings."  *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th

25    Cir. 1995).  Absent "substantial prejudice" to the parties, parallel civil and criminal proceedings are

26    unobjectionable under Ninth Circuit precedent.  *Id.* (quotation omitted).  In determining whether to

27    stay a civil proceeding pending a parallel criminal proceeding, the court must consider "the extent

28    to which the defendant's Fifth Amendment rights are implicated."  *Id.* (quotation omitted).  This

consideration should be made "in light of the particular circumstances and competing interests involved in the case." *Id.* (quotation omitted).  Additionally, the court should consider (1) the plaintiff's interest in proceeding expeditiously with the case or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (2) the burden that any particular aspect of the proceedings may impose on the defendant; (3) the court's convenience in managing its cases and judicial efficiency; (4) non-parties' interests; and (5) the public's interest in the pending civil and criminal proceedings.  *Id.* at 324-25.  It is within the court's discretion to determine whether to stay a civil case pending the outcome of a criminal proceedings.  *Keating*, 45 F.3d at 324.

### A.     Fifth Amendment

Kotzker argues this case implicates his Fifth Amendment rights because it is based on some of the same facts that are currently under investigation by the United States Postal Inspection Service, the United States Department of Justice, and the United States Attorney's Office for the District of Nevada.  Kotzker further argues that his Fifth Amendment rights will be implicated in every stage of this case, including responding to the complaint, responding to written discovery, and sitting for depositions, and that he should not be forced to choose between defending himself in this case and in preserving his Fifth Amendment rights.

The FTC responds that the extent to which Kotzker's Fifth Amendment rights are implicated in this case is speculative because Kotzker has not been indicted.  The FTC further argues that Kotzker does not point to any evidence suggesting his indictment is imminent and that Kotzker's last reported interaction with criminal law enforcement authorities was in January of 2015.  Given that there is no indictment, the FTC also argues that a stay would be potentially indefinite and is therefore inappropriate.  Although it is somewhat unclear, the FTC seems to equivocate as to whether it is aware of a criminal investigation against Kotzker.

Kotzker replies that it is not speculative whether his Fifth Amendment rights will be implicated because the Department of Justice has proposed that Kotzker plead guilty to a felony. Kotzker submits a declaration from his attorney stating that the Department of Justice submitted a plea offer to Kotzker proposing that Kotzker plead guilty to a felony, and that the Department of Justice trial attorney assigned to the case confirmed that the criminal investigation is ongoing.  A

3

1   redacted version of the plea agreement is attached to Kotzker's attorney's declaration.  Kotzker

2   further replies that federal criminal investigations routinely last for months, if not years.

3          Given that there is not an indictment against Kotzker, the extent to which the civil and

4   criminal proceedings overlap is unknown.  The court therefore is unable to evaluate the degree to

5   which Kotzker's Fifth Amendment rights would be implicated in this case, if at all.  Although the

6   fact there might be an indictment at some point in the future may make it more difficult for Kotzker

7   to defend the civil case, "[a] defendant has no absolute right not to be forced to choose between

8   testifying in a civil matter and asserting his Fifth Amendment privilege."  *Keating*, 45 F.3d at 326.

9   The court therefore finds that the current lack of an indictment weighs against staying the case.  *See*

10  *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 889, 903 (9th Cir. 1989) (stating that the case

11  for staying a civil case is "far weaker" when an indictment has not been returned and the Fifth

12  Amendment privilege is not threatened, even though the possibility a criminal indictment may be

13  brought makes responding to a civil case more difficult).

14          **B.      Plaintiff's Interest and Defendant's Burden**

15          Kotzker argues that he would be burdened to a significant degree if this case is not stayed

16  because allowing this case to proceed in parallel with the criminal investigation would effectively

17  force Kotzker to choose between defending himself in this case and preserving his Fifth

18  Amendment rights.  Kotzker further argues that staying this case would not prejudice the FTC

19  because there is no evidence Kotzker is currently engaging in any of the conduct alleged in the

20  complaint.  Specifically, Kotzker argues the complaint alleges the activity at issue ended in early

21  2013 and does not allege it is ongoing.  Kotzker also references the fact that other defendants in this

22  case have entered into consent judgments, which the court also understands to be an argument that

23  the activity resulting in the complaint is no longer ongoing.

24          The FTC responds that Kotzker has not identified any burdens that proceeding with this

25  case would place on him besides the Fifth Amendment concerns.  As for the prejudice it will suffer,

26  the FTC argues that given the lack of an indictment, the delay to the FTC in this case is potentially

27  indefinite.  The FTC argues it has an interest in prompt enforcement of the FTC Act, particularly

28  because there is no injunction in place to stop Kotzker for starting up the same or similar practices

4

1    in another business.  The FTC further argues that if the case is stayed, there is a risk that evidence

2    will be destroyed and witnesses' memories will fade.  The FTC also argues that it will be

3    prejudiced in pursuing this case against Sequoia One and Gen X, who have not requested a stay,

4    because Kotzker is the owner, member, and/or manager of these companies.

5         Kotzker replies that the fact one agency of the government is pursuing a civil action when

6    another agency is pursuing a criminal investigation is a problem of the government's own making.

7    Kotzker further replies that the government has taken an inconsistent position in another case in

8    this district regarding whether a stay of a civil case is appropriate pending the resolution of a

9    criminal case.

10        This case has been pending for fewer than five months, thus, the court does not find the

11   FTC has been prejudiced in pursuing its case up until this point.  However, the fact that Kotzker is

12   requesting an open-ended stay of this case would impede the FTC's discovery of witnesses and

13   other evidence in support of this case going forward.  Although it was the government's decision to

14   pursue both the civil and criminal proceedings simultaneously, there is no indication that the FTC

15   is working with the criminal investigators or using the parallel criminal proceedings to its

16   advantage.  As for Kotzker's argument that the complaint does not allege the conduct at issue is

17   ongoing, the court finds this argument does not weigh strongly in favor of a stay given that there is

18   not an injunction that would prevent similar conduct in different businesses.  Although Kotzker

19   faces the burden of presenting his civil defense in a manner that protects his Fifth Amendment

20   rights, this burden does not outweigh the FTC's interest in moving forward.  Thus, taken together,

21   these factor weigh against a stay.

22        **C.    Judicial Efficiency**

23        Kotzker argues that because the case is in its preliminary stages, staying the case promotes

24   judicial efficiency and avoids potentially unnecessary discovery.  For instance, Kotzker argues a

25   stay will avoid having to take discovery from non-parties.  The FTC responds that judicial

26   efficiency weighs against staying the case because Kotzker's request for a stay is indefinite and

27   could last for years and because staying the case as to Kotzker effectively would result in

28   bifurcation of the case as to Sequoia One and Gen X.  The FTC also argues that staying the case

will not eliminate discovery from non-parties because the elements of the FTC's claim differ from the elements of any crime.

This case is in the early stages of litigation as to Kotzker, Sequoia One, and Gen X.  No answers have been filed, no scheduling order has been issued, and no dispositive motions have been filed.  However, given that Sequoia One and Gen X did not move to stay this case, the FTC would be forced to pursue its case against these defendants while waiting completion of the criminal investigation and potential criminal proceedings against Kotzker.  The fact that staying the case as to Kotzker would result in a de facto bifurcation of his case from those of Sequoia One and Gen X weighs against staying the case on the basis of judicial efficiency.  Further, the fact that the case would proceed against Sequoia One and Gen X means that non-party discovery may not be eliminated.  Thus, this factor weighs against a stay.

### D.      Non-Parties and Public's Interests

Kotzker argues the public's interest in the integrity of the criminal case is entitled to precedence over the civil case.  The FTC responds that the public's interest in protecting the criminal process is minimal given that there is no indictment against Kotzker.  The FTC further responds that the consumer victims' interests will be prejudiced because a delay in this case means a delay in providing financial redress to consumers.  The FTC also argues that a stay potentially could prevent the FTC from fully recovering the consumers' alleged losses given that the FTC only has received $15,000 from the defendants who have entered into consent judgments in this case and that delays in this case would permit Kotzker to dissipate assets that should be paid toward consumer restitution.  Although asserting the Fifth Amendment may make responding this case more difficult for Kotzker, the court finds that this difficulty does not outweigh the other interests involved, such as the consumers victims' interests in maximum financial recovery.  Further, the court finds that the public's interest in the criminal proceedings is minimal given that it is still in the investigatory phase.  Thus, this factor weighs against a stay.

### E.      Balancing of Factors

Taken together, the *Keating* factors weigh strongly against staying this case pending this case.  The court therefore will deny Kotzker's motion.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Jason A. Kotzker's Motion to Stay Civil Action Pending Resolution of Criminal Proceedings (ECF No. 22) is DENIED.

IT IS FURTHER ORDERED that Defendant Kotzker must answer or otherwise respond to the Government's Complaint (ECF No. 1) on or before January 18, 2016.

IT IS FURTHER ORDERED that the telephonic motion hearing set for Thursday, February 4, 2016, at 9:00 a.m. is VACATED.

DATED: December 23, 2015.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

7