DAVID C. SHONKA
Acting General Counsel
GREGORY A. ASHE
BRIAN S. SHULL
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3719 (Ashe)
Telephone: 202 -326-3720 (Shull)
Facsimile: 202-326-3768
Email: gashe@ftc.gov, bshull@ftc.gov

DANIEL G. BOGDEN
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>    Plaintiff,<br><br>    v.<br><br>**SEQUOIA ONE, LLC**, *et al.*,<br><br>    Defendants. | **Case No. 2:15-cv-01512-JCM-CWH**<br><br>**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT KOTZKER'S AFFIRMATIVE DEFENSES AND JURY DEMAND** |

## I.     INTRODUCTION

As discussed in the FTC's Memorandum in Support of its Motion to Strike (Dkt. No. 36), Defendant Kotzker cannot prevail on any of his affirmative defenses.  Allowing those defenses to survive into discovery would only prolong the litigation and waste resources that otherwise

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

would be available to compensate injured consumers.  In his response, Kotzker does not refute that his defenses fail as a matter of law.  Instead, Kotzker attempts to deflect the Court from his defenses' inadequacies by noting that other courts rarely grant motions to strike.  He also claims, without any support, that there would be no prejudice in allowing those defenses to stand even if they are without merit.  The Court should exercise its discretion to strike these meritless defenses because litigation regarding them would prejudice the FTC and consumers harmed by Defendants' scheme.

## II.    THE COURT CAN STRIKE LEGALLY INSUFFICIENT, IRRELEVANT, AND REDUNDANT DEFENSES

Kotzker attempts to deflect from his defenses' inadequacies by noting that courts rarely grant motions to strike.  The FTC recognizes that although motions to strike may be disfavored, they are not disallowed; indeed, the case law is clear that affirmative defenses that are insufficient as a matter of law should be stricken.  *SEC v. Des Champs*, 2009 U.S. Dist. LEXIS 92801, at *2 (D. Nev. Sep 21, 2009); *D.E. Shaw Laminar Portfolios, LLC v. Archon Corp.*, 570 F. Supp. 2d 1262, 1271 (D. Nev. 2008); *Donovan v. Schmoutey*, 592 F. Supp. 1361, 1402 (D. Nev. 1984).  Further, courts grant motions to strike where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed."  *FTC v. AMG Servs.*, 2014 U.S. Dist. LEXIS 152864, at *25 (D. Nev. Oct. 27, 2014).  The determination to strike an affirmative defense is within the Court's discretion.  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *FSLIC v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990); *FTC v. Johnson*, 2013 U.S. Dist. LEXIS 111392, at *18 (D. Nev. Aug. 5, 2013).  Here, the Court should exercise its discretion to strike Kotzker's defenses because, as discussed, all are insufficient.

1

2

## III.    ALLOWING THE AFFIRMATIVE DEFENSES TO REMAIN WILL PREJUDICE THE FTC

Kotzker asserts that the FTC has not made the requisite showing of prejudice to justify striking his insufficient affirmative defenses.[1]  On the contrary, as discussed in its Memorandum in Support, litigation regarding Kotzker's affirmative defenses would prejudice the FTC and consumers harmed by Defendants' scheme.  For example, because several of Kotzker's defenses are nothing but threadbare recitals of legal doctrine, the FTC will be forced to expend considerable resources in discovery just to be put on fair notice of what Kotzker is alleging.  And because his affirmative defenses fail as a matter of law, allowing them to remain will needlessly prolong the litigation, require the FTC to expend its limited resources, and waste assets that otherwise would be available to compensate injured consumers.  This is the very prejudice that courts have found justify striking insufficient defenses.  *See, e.g., Izzard v. Credit Fin. Servs.*, 2014 U.S. Dist. LEXIS 45215, at *4 (M.D.N.C. Apr. 2, 2014) (striking affirmative defenses appropriate where an "irrelevant affirmative defense . . . 'result[s] in increased time and expense of trial, including the possibility of extensive and burdensome discovery'" (quoting *Canadian St. Regis Band of Mohawk Indians v. New York*, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003))); *Lakeside Roofing Co. v. Nixon*, 2011 U.S. Dist. LEXIS 69913, at *4 (E.D. Mo. Jun. 29, 2011) ("The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome"); *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001) (determination whether to strike defenses should be made early "to

---

[1] In the Ninth Circuit, it is unclear whether a showing of prejudice is necessary in determining a Rule 12(f) motion.  *See AMG Servs.*, 2014 U.S. Dist. LEXIS 152864, at *27 (citing *Atlantic Richfield Co. v. Ramirez*, 1999 U.S. App. LEXIS 8669, at *5 (9th Cir. May 4, 1999)).  However, the split in authority is irrelevant in this case, because, as explained herein, the FTC has met any requirement to show prejudice.

avoid the needless expenditures of time and money"); *FSLIC v. Budette*, 696 F. Supp. 1183, 1187 (E.D. Tenn. 1988) ("Forthrightly dealing with inadequate or improper affirmative defenses . . . at an early stage in the litigation helps the parties focus discovery on the real issues in the case and reduces the cost of litigation to the parties.")*; FDIC v. Main Hurdman*, 655 F. Supp. 259, 263 n.6 (E.D. Cal. 1987) (noting that motions to strike further the goal of judicial efficiency); *California ex rel. State Lands Com. v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("Where the motion may have the effect of making the trial of action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be taken."); *Purex Corp., Ltd. v. Gen. Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970) (striking affirmative defenses at an early stage of the proceedings is appropriate "in order to avoid the needless expenditures of time and money involved in litigating" fruitless matters and to focus the parties on the *bona fide* issues in the case); *see also* 2-12 Moore's Federal Practice § 12.37[3](2009) (eliminating insufficient defenses is an exercise of the district court's power to limit pleadings and "avoid the expenditure of time and money that would arise from litigating spurious issues, by dispensing with those issues prior to trial").

## IV. KOTZKER DOES NOT REFUTE THAT THERE IS NO STATUTE OF LIMITATIONS UNDER SECTION 13(B) OF THE FTC ACT

Kotzker concedes that this action is brought solely under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and that the FTC's Complaint does not even mention Section 19.  (Dkt. No. 40 at 4.)  Neither does he refute that Section 13(b) has no statute of limitations.  *See FTC v. Ivy Capital, Inc.,* 2011 U.S. Dist. LEXIS 65835, at *8 (D. Nev. Jun. 20, 2011); *see also United States v. Dish Network, LLC*, 75 F. Supp. 3d 942, 1004 (C.D. Ill. 2014); *FTC v. Dalbey*, 2012 U.S. Dist. LEXIS 67393, at *4 (D. Colo. May, 15 2012); *FTC v. Minuteman Press*, 53 F. Supp. 2d 248, 263 (E.D.N.Y. 1998); *FTC v. U.S. Oil & Gas Corp.*, 1987 U.S. Dist. LEXIS 16137, at

*81-82 (S.D. Fla. Jul. 10, 1987).  His only argument is that he should be "permitted to assert a statute of limitations defense because [Section 19, which includes a statute of limitations,] is within the Federal Trade Commission Act."  (Dkt. No. 40 at 4.)  But he fails to rebut that courts have routinely rejected attempts to import Section 19 into Section 13(b) cases.  *See, e.g., Dish Network*, 75 F. Supp. 3d at 1005; *FTC v. Instant Response Sys., LLC*, 2014 U.S. Dist. LEXIS 17148, at *7 (E.D.N.Y. Feb. 11, 2014); *Dalbey*, 2012 U.S. Dist. LEXIS 67393, at *4; *Ivy Capital*, 2011 U.S. Dist. LEXIS 65835, at *8-9; *FTC v. Inc21.com*, 745 F. Supp. 2d 975, 1012 (N.D. Cal. 2010); *Minuteman Press Int'l*, 53 F. Supp. 2d at 263; *United States v. Bldg. Inspector of Am., Inc.*, 894 F. Supp. 507, 514 (D. Mass. 1995).  Accordingly, because Kotzker's first affirmative defense fails as a matter of law, the Court should exercise its discretion to strike it.

## V.    KOTZKER DOES NOT REFUTE THAT THE FTC'S COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The whole of Kotzker's response to the FTC's request to strike his second affirmative defense is that one can plead failure to state a claim as either an affirmative defense or a stand-alone motion to dismiss.  The FTC does not dispute that Fed. R. Civ. P. 12(h) provides that the defense of failure to state a claim can be asserted at various stages of litigation.  But here, the factual allegations set forth in the FTC's complaint (which the Court must presume are true, *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004)), are sufficient to support the single count set forth in the Complaint and the requested relief against Kotzker, and this Kotzker does not refute.

Kotzker offers no response that the facts set forth in the FTC's Complaint, taken as true, support the charge that Defendants' actions of selling payday loan applications to non-lender third parties caused, or were likely to cause, substantial injury to consumers that consumers could not reasonably avoid themselves and that were not outweighed by countervailing benefits

to consumers or competition, all in violation of Section 5 of the FTC Act, 15 U.S.C. §§ 45(a) and 45(n).  Nor does Kotzker offer any response that the facts set forth in the FTC's Complaint, again taken as true, satisfy the legal requirements for holding him liable for injunctive and equitable monetary relief.  In short, Kotzker fails to refute that the factual allegations set forth in the FTC's Complaint satisfy every element required to establish that Kotzker violated Section 5 of the FTC Act and that he is liable for both permanent injunctive and equitable monetary relief.  Accordingly, the Court should exercise its discretion to strike Kotzker's second affirmative defense.

## VI.  KOTZKER FAILS TO ESTABLISH THAT THE FTC'S COMPLAINT IS GOVERNED BY RULE 9'S PARTICULARITY REQUIREMENTS

Kotzker's sole argument in response to the FTC's request to strike his third defense is that the FTC's Complaint refers to Defendants generally without reference to specific individuals and thus is not pled with particularity.  (Dkt. No. 40 at 5.)  Kotzker, however, does not refute that the FTC's Complaint, which alleges unfair and not deceptive behavior, is not governed by the particularity requirements of Fed. R. Civ. P. 9(b).  Nor does Kotzker refute that, even if Rule 9(b) were deemed to apply to unfairness, the FTC's Complaint more than adequately meets the requirements of the Rule.  This rule requires that claims of fraud be accompanied by the "who, what, when, where, and how" of the conduct charged.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Further, Kotzker offers no argument as to why the FTC's complaint does not meet the more liberal pleading requirements of Rule 8(a).

As discussed in the FTC's Memorandum in Support (Dkt. No. 36 at 6-7), the Complaint pleads in detail the factual allegations of Defendants' unfair practices, including that (1) Defendants collected consumer payday loan applications, (2) Defendants then sold those applications to non-lender third parties such as Ideal Financial Solutions, (3) such sale caused

substantial consumer injury that consumers could not reasonably avoid themselves, and (4)

Defendants knew or had reason to believe that non-lender third parties such as Ideal Financial

Solutions were using consumer information sold by Defendants to engage in unauthorized

charges.  To the extent that Kotzker complains that the Complaint sometimes refers to

Defendants in general, courts do not require a plaintiff to identify each defendant by name each

time the complaint makes an allegation that applies equally to them all.  *See, e.g., In re Polaroid*

*ERISA Litig.*, 362 F. Supp. 2d 461, 471 (S.D.N.Y. 2005).  In any event, the Complaint alleges

facts identifying examples of Kotzker's specific involvement in the alleged practices.  The FTC's

Complaint clearly sets forth the "who, what, when, where, and how" of the alleged unfair

practices, meeting and exceeding the heightened pleading standard set forth in Rule 9(b) and the

more liberal standards of Rule 8(a).

In short, Kotzker offers no argument as to why the FTC's Complaint is deficient.

Accordingly, the Court should exercise its discretion to strike Kotzker's third affirmative

defense.

## VII.  KOTZKER FAILS TO REFUTE THAT LACHES IS NOT AVAILABLE AGAINST THE GOVERNMENT

The sole basis of Kotzker's opposition to strike the laches defense is a 1997 district court

case from California that itself relies upon dicta from a 1978 Ninth Circuit decision.  The court in

*FTC v. Hang-Up Art Enter.*, 1995 U.S. Dist. LEXIS 21444, at \*12 (C.D. Cal. Sep. 27, 1995),

denied the FTC's motion to strike the defendant's laches defense relying upon the Ninth

Circuit's decision in *United States v. Ruby Co.*, 588 F.2d 697, 705 n.10 (9th Cir. 1978).  The

Ninth Circuit in *Ruby*, however, denied the defense of laches.  *Id.*  In doing so, the Ninth Circuit,

in dicta, merely mused whether the traditional rule that laches is unavailable against the

government "*may be*" subject to evolution as was the case with estoppel.  *Id.* (emphasis added).

They made no pronouncement, however, that such evolution has, in fact, occurred.  Indeed, numerous Ninth Circuit decisions since *Ruby* all uphold the traditional rule that "[t]he government is not subject to the defense of laches when enforcing its rights."  *United States v. Menatos*, 925 F.2d 333, 335 (9th Cir. 1991) (citing *United States v. Summerlin*, 310 U.S. 414, 416 (1940)); *see also Chevron, U.S.A., Inc. v. United States*, 705 F.2d 1487, 1491 (9th Cir. 1983) ("The government is not bound by . . . laches in enforcing its rights.") (citing *Summerlin* and *United States v. First Nat'l Bank,* 652 F.2d 882, 890 (9th Cir. 1981)); *United States v. McLeod*, 721 F.2d 282, 285 (9th Cir. 1983).

Kotzker offers no argument why these later Ninth Circuit decisions should be disregarded.  And while the FTC does not dispute that some District Courts have refused to strike laches defenses at this stage of litigation, neither does Kotzker refute that numerous courts in this District and others have applied the principle that the government is not subject to laches in FTC enforcement actions.  *See, e.g.*, *FTC v. Moneymaker*, 2011 U.S. Dist. LEXIS 83913, at *5-6 (D. Nev. July 28, 2011); *FTC v. Am. Microtel, Inc.,* 1992 U.S. Dist. LEXIS 11046, at *3 (D. Nev. Jun. 10, 1992); *United States v. Glob. Mortg. Funding*, 2008 U.S. Dist. LEXIS 102897, at *6-7 (C.D. Cal. May 15, 2008); *FTC v. Magazine Sols., LLC*, 2007 U.S. Dist. LEXIS 70977, at *4 (W.D. Pa. Sep. 25, 2007); *FTC v. Bronson Partners, LLC,* 2006 U.S. Dist. LEXIS 3315, at *3-4 (D. Conn. Jan. 25, 2006); *FTC v. Crescent Publ'g Grp., Inc.*, 129 F. Supp. 2d 311, 324 (S.D.N.Y. 2001); *FTC v. N.E. Telecomms., Ltd.*, 1997 U.S. Dist. LEXIS 10531, at *9 (S.D. Fla. Jun. 23, 1997); *U.S. Oil & Gas*, 1987 U.S. Dist. LEXIS 16137, at *81; *United States v. Reader's Digest Ass'n., Inc.*, 464 F. Supp. 1037, 1043 (D. Del. 1978), *aff'd*, 662 F.2d 955 (3d Cir. 1981).  Accordingly, because Kotzker's fourth defense fails as a matter of law, the Court should exercise its discretion to strike it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## VIII. KOTZKER FAILS TO REFUTE THAT WAIVER IS INAPPLICABLE IN GOVERNMENT ENFORCEMENT ACTIONS

In his opposition to the FTC's request to strike the waiver defense, Kotzker states that the FTC "fails to specify the factual justification" to strike the defense.  (Dkt. No. 40 at 6.)  The out-of-district decision upon which he bases that argument, however, does not support his argument that a request to strike a waiver defense requires "factual justification."  As Kotzker correctly observed, the court in *United States v. Am. Elec. Power Serv. Corp.*, 218 F. Supp. 2d 931, 937-38 (S.D. Ohio 2002), denied the government's request to strike the defendant's waiver defense.  It did so, however, because the court found that the plaintiffs failed "to specify the basis upon which the motion to strike relies" and "[i]n the absence of such articulation" the government's motion was without merit.  *Id.*  The *Am. Elec. Power* Court's decision was made because the government failed to specify *any* basis not because it lacked factual justification.

Here, the FTC has specified the basis upon which its motion relies – waiver is not a valid defense when the FTC is attempting to enforce an act of Congress.  *Capital Funds, Inc. v. SEC*, 348 F.2d 582, 588 (8th Cir. 1965); *SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1953); *Bronson Partners*, 2006 U.S. Dist. LEXIS 3315, at *6; *Reader's Digest Ass'n.*, 464 F. Supp. at 1043.  And Kotzker offers no authority for his proposition that waiver can apply against the FTC.  Accordingly, because Kotzker's fifth defense fails as a matter of law, the Court should exercise its discretion to strike it.

## IX. KOTZKER CANNOT USE AFFIRMATIVE DEFENSES TO SUBVERT THE FEDERAL RULES OR THIS COURT'S SCHEDULING ORDER

The FTC does not dispute that Kotzker has the right to amend his Answers to assert additional affirmative defenses if the facts warrant.  If Kotzker discovers an additional affirmative defense during the course of discovery, he must petition the Court for leave to amend

the answer pursuant to Federal Rule of Civil Procedure 15(a)(2).  He cannot be allowed, however, to use his so-called sixth affirmative defense to flaunt these procedural rules.  The one case cited by Kotzker does not support his quest to bypass Rule 15.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988), did not involve a "reservation of defenses" affirmative defense. Instead, the Ninth Circuit simply restated the well-known rule that leave to amend should be freely given and denied only when the amendment is futile or legally insufficient, after which it reversed the district court's denial of the defendant's motion to amend its answer to include an additional affirmative defense.  *Id.* at 214.  Here, "if at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure. Defendants cannot avoid the requirements of Rule 15 simply by 'reserving the right to amend or supplement their affirmative defenses.'"  *Johnson*, 2013 U.S. Dist. LEXIS 80341, at *41 (internal citations omitted).  Accordingly, because Kotzker's sixth defense fails as a matter of law, the Court should exercise its discretion to strike it.

## X.  KOTZKER DOES NOT OPPOSE THE FTC'S REQUEST TO STRIKE HIS JURY DEMAND

Kotzker does not oppose the FTC's request to strike his demand for a jury trial. (Dkt. No. 40 at 6.)  Accordingly, the Court should grant the FTC's motion to strike his jury demand.

## XI.  CONCLUSION

Accordingly, for the reasons set forth herein and in the FTC's Memorandum in Support, the FTC respectfully requests that the Court strike Kotzker's six affirmative defenses and his demand for a jury trial.

1

Dated: March 15, 2016                    Respectfully submitted,

2

DAVID C. SHONKA
Acting General Counsel

3

4

*/s/Gregory A. Ashe*
GREGORY A. ASHE

5

BRIAN SHULL

6

Federal Trade Commission
600 Pennsylvania Avenue NW

7

Washington, DC 20850
Telephone: 202-326-3719 (Ashe)

8

Telephone: 202 -326-3720 (Shull)
Facsimile: 202-326-3768

9

Email: gashe@ftc.gov, bshull@ftc.gov

10

DANIEL G. BOGDEN

11

United States Attorney
BLAINE T. WELSH

12

Assistant United States Attorney
Nevada Bar No. 4790

13

333 Las Vegas Blvd. South, Suite 5000

14

Las Vegas, Nevada 89101
Telephone: (702) 388-6336

15

Facsimile: (702) 388-6787

16

Attorneys for Plaintiff

17

FEDERAL TRADE COMMISSION

18

19

**CERTIFICATE OF SERVICE**

20

      The undersigned hereby certifies that on March 15, 2016, a true and correct copy of **PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND**

21

**AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT KOTZKER'S AFFIRMATIVE DEFENSES AND JURY DEMAND** was filed

22

electronically with the United States District Court for the District of Nevada using the

23

CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF

24

system.

25

*/s/Gregory A. Ashe*
Attorney for Plaintiff Federal Trade Commission

26

27