DAVID C. SHONKA
Acting General Counsel
GREGORY A. ASHE
BRIAN S. SHULL
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3719 (Ashe)
Telephone: 202 -326-3720 (Shull)
Facsimile: 202-326-3768
Email: gashe@ftc.gov, bshull@ftc.gov

DANIEL G. BOGDEN
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**FEDERAL TRADE COMMISSION**,

Plaintiff,

v.

**SEQUOIA ONE, LLC**, *et al.*,

Defendants.

**Case No. 2:15-cv-01512-JCM-CWH**

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS AS TO DEFENDANT JASON KOTZKER**

Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") for a permanent injunction and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). Pursuant to Federal Rule of Evidence 408 and the protections

Case 2:15-cv-01512-JCM-CWH Document 55-1 Filed 11/01/16 Page 2 of 14

afforded therein, the FTC and Defendant Jason Kotzker stipulate to the entry of a Final Order for Permanent Injunction and Settlement of Claims ("Order") to resolve all matters in dispute in this action between them.

**FINDINGS**

By stipulation of the parties, the Court finds as follows:

1. This is an action by the FTC instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). The Complaint alleges that Defendants participated in unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with the disclosure of consumers' sensitive personal information. The Complaint seeks both permanent injunctive relief and equitable monetary relief for Defendants' alleged unfair acts or practices as alleged therein.
2. This Court has jurisdiction over this matter.
3. The Stipulating Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, the Stipulating Defendant admits the facts necessary to establish jurisdiction.
4. The Stipulating Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order. The Stipulating Defendant also waives any claim that he may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. The FTC and the Stipulating Defendant each shall bear its own costs and attorneys' fees.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

1. "**Corporate Defendants**" means Sequoia One, LLC and Gen X Marketing Group, LLC, and their successors and assigns.
2. "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.
3. **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to: (a) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; (b) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards; (c) improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or (d) provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.
4. "**Individual Defendants**" means Jason A. Kotzker, John E. Bartholomew, Jr., Theresa D. Bartholomew, and Paul T. McDonnell.
5. "**Lender"** means any Person who provides or issues loans or other extensions of credit.
6. "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.
7. **"Sensitive Personal Information"** means any of the following about a consumer: (a) Social Security number; (b) financial institution account number; (c) credit or debit card information; or (d) any other information by which a consumer's financial account can be accessed, or by which a consumer might be charged for goods or services, including through third parties such as telecommunications carriers.

8. "**Stipulating Defendant**" means Jason A. Kotzker and by whatever names he might be known.

**ORDER**

**PROHIBITION ON THE DISCLOSURE OF SENSITIVE PERSONAL INFORMATION**

**I.** **IT IS THEREFORE ORDERED** that the Stipulating Defendant is hereby permanently restrained and enjoined from, or assisting others engaged in, selling, transferring, or otherwise disclosing the Sensitive Personal Information of a consumer (other than the Stipulating Defendant and his immediate family) to any Person; *provided, however,* that this Section I shall not prohibit the Stipulating Defendant from transferring or otherwise disclosing a consumer's Sensitive Personal Information to the extent necessary to process payment for any product or service sold by that Stipulating Defendant directly to that consumer and for which that Stipulating Defendant has the consumer's express, informed consent for that sale.

**PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES**

**II.** **IT IS FURTHER ORDERED** that the Stipulating Defendant and his officers, agents, employees, and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or selling of any Financial product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. The likelihood that any Person will obtain a loan or other extension of credit; and

B. The terms or rates that are available for any loan or other extension of credit.

**PROHIBITED MISREPRESENTATIONS RELATING TO ALL PRODUCTS OR SERVICES**

**III. IT IS FURTHER ORDERED** that the Stipulating Defendant and his officers, agents, employees, and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or selling of any product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. That a consumer has authorized or otherwise consented to the purchase of a product or service;

B. That any particular outcome or result from a product or service is guaranteed, assured, highly likely or probable, or very likely or probable;

C. The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the consumer; and

D. Any other fact material to consumers concerning any product or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

**CONSUMER INFORMATION**

**IV. IT IS FURTHER ORDERED** that the Stipulating Defendant and his officers, agents, employees, and attorneys, and those Persons or entities in active concert or participation

with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the FTC to administer efficiently consumer redress. If a representative of the FTC requests in writing any information related to redress, the Stipulating Defendant must provide it, in the form prescribed by the FTC, within 14 days.

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) that any Defendant obtained prior to entry of this Order in connection with the marketing or offering of payday loans or other extensions of credit.

C. Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the FTC.

D. *Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

**MONETARY JUDGMENT AND SUSPENSION**

**V. IT IS FURTHER ORDERED** that:

A. Judgment in the amount of SEVEN MILLION, ONE HUNDRED THIRTY-FIVE THOUSAND, NINE HUNDRED AND NINETY-TWO DOLLARS ($7,135,992) is

    entered in favor of the FTC against the Stipulating Defendant, jointly and severally with any other Defendant in this action against whom judgment may be entered, as equitable monetary relief.

B. The Stipulating Defendant is ordered to pay to the Commission $45,000. Such payment must be made within 120 days of entry of this order by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

C. Upon the asset transfers identified in this Section, the remainder of the judgment is suspended as to the Stipulating Defendant, subject to the Subsections below.

D. The FTC's agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Stipulating Defendant's sworn financial statements and related documents (collectively, "financial representations") submitted to the FTC, namely the Financial Statement of Individual Defendant Jason Kotzker signed on January 13, 2016, including the attachments.

E. The suspension of the judgment will be lifted as to the Stipulating Defendant if, upon motion by the FTC, the Court finds that the Stipulating Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F. If the suspension of the judgment is lifted, the judgment becomes immediately due as to the Stipulating Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

G. All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as the FTC determines to be reasonably related to the Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the United States Treasury as equitable disgorgement. Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

H. The Stipulating Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

J. The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

K. The Stipulating Defendant acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which the Stipulating Defendant previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

L. Upon written request from a representative of the FTC, any consumer reporting agency may furnish consumer reports concerning the Stipulating Defendant, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## ORDER ACKNOWLEDGMENTS

**VI.** **IT IS FURTHER ORDERED** that the Stipulating Defendant obtain acknowledgments of receipt of this Order:

A. The Stipulating Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For five 5 years after entry of this Order, the Stipulating Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

  C. From each individual or entity to which the Stipulating Defendant delivered a copy of this Order, the Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**COMPLIANCE REPORTING**

**VII. IT IS FURTHER ORDERED** that the Stipulating Defendant make timely submissions to the FTC:

A. One year after entry of this Order, the Stipulating Defendant must submit a compliance report, sworn under penalty of perjury:

1. The Stipulating Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with the Stipulating Defendant; (b) identify all of the Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which the Stipulating Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how the Stipulating Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

2. Additionally, the Stipulating Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which the Stipulating

Defendant performs services whether as an employee or otherwise and any entity in which the Stipulating Defendant has any ownership interest; and (c) describe in detail such Stipulating Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years following entry of this Order, the Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. The Stipulating Defendant must report any change in: (a) any designated point of contact; or (b) any entity that the Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, the Stipulating Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which the Stipulating Defendant performs services whether as an employee or otherwise and any entity in which the Stipulating Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. The Stipulating Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against the Stipulating Defendant within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Sequoia One, et al.*

**RECORDKEEPING**

**VIII. IT IS FURTHER ORDERED** that the Stipulating Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, the Stipulating Defendant for any business that the Stipulating Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Proof of consumers' authorization to have their sensitive personal information transferred or disclosed, which includes the consumer's name, phone number, and address; and the manner, time, place, and method of the authorization;

B. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

    C. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

D. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

F. A copy of each advertisement or other marketing material.

**COMPLIANCE MONITORING**

**IX. IT IS FURTHER ORDERED** that, for the purpose of monitoring the Stipulating Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC, the Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of Court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the FTC is authorized to communicate directly with each Stipulating Defendant. The Stipulating Defendant must permit representatives of the FTC to interview any employee or other person affiliated with

the Stipulating Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to the Stipulating Defendant or any individual or entity affiliated with the Stipulating Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

**ENTRY OF JUDGMENT**

**X. IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to defendant Jason A. Kotzker.

**RETENTION OF JURISDICTION**

**XI. IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED:**

______________________________
UNITED STATES DISTRICT JUDGE

DATED: November 2, 2016