**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | |
| Plaintiff, | Case No. 2:15-cv-01512-JCM-CWH |
| v. | **DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AS TO DEFENDANTS SEQUOIA ONE, LLC AND GEN X MARKETING GROUP, LLC** |
| **SEQUOIA ONE, LLC**, *et al.*, | |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC") commenced this civil action on August 7, 2015, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to obtain permanent injunctive and other equitable relief for Defendants' alleged violations of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with the marketing and sale of sensitive consumer information. (*See* Dkt. No. 1.) Defendants Sequoia One, LLC and Gen X Marketing Group, LLC failed to file an answer or otherwise defend this action, and the Clerk entered default against them on June 30, 2016. (*See* Dkt. No. 45.) The FTC and defendants Theresa Bartholomew, John Bartholomew, and Paul McDonnell have stipulated to the entry of final orders, which orders were entered by the Court on August 13, 2015. (*See* Dkt. Nos. 11, 12, 13, 14.). On July 14, 2016, the FTC and Defendant Kotzker reached a tentative settlement, which settlement is currently being reviewed by the several FTC Commissioners. (*See* Dkt. No. 46.)

The FTC now having filed its Motion for Entry of Default Judgment and Order for Permanent Injunction and Other Equitable Relief Against the remaining defendants, Sequoia One, LLC and Gen X Marketing Group, LLC, and the Court having considered the FTC's Motion, and supporting exhibits, and the entire record in this matter, the FTC's Motion is hereby **GRANTED**, and **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

# FINDINGS

1. This is an action by the FTC instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). The Complaint alleges that the Corporate Defendants participated in unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with the disclosure of consumers' sensitive personal information. The Complaint seeks both permanent injunctive relief and equitable monetary relief for the Corporate Defendants' alleged unfair acts or practices as alleged therein.

2. This Court has jurisdiction over the subject matter of this case and has jurisdiction over the Corporate Defendants pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a) and 1345.

3. Venue is proper in this District under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

4. The Complaint states a claim upon which relief may be granted against the Corporate Defendants under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).

5. The Corporate Defendants have been properly served with a notice of lawsuit and request to waive service, and have waived service of a summons, pursuant to Federal Rule of Civil Procedure 4(d).

6. The Corporate Defendants have failed to answer or otherwise defend this action. The Clerk of the Court properly entered defaults against the Corporate Defendants on June 30, 2016.

7. Because of the Corporate Defendants' default, the allegations in the Complaint filed in this action are taken as true.

8. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41 *et seq*. The FTC is charged, *inter alia*, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or

affecting commerce. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act, and to secure such equitable relief as may be appropriate in each case, including disgorgement. 15 U.S.C. § 53(b).

9. The activities of the Corporate Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

10. As alleged in Count I of the Complaint, the Corporate Defendants sold consumer payday loan applications that included consumers' social security and financial account numbers to non-lenders that had no legitimate need for this sensitive information. These non-lenders included phony online merchants, like Ideal Financial Solutions, Inc. and its subsidiaries, that used the information to debit consumer accounts with authorization. The Corporate Defendants' actions caused or were likely to cause substantial injury to consumers that consumers could not reasonably avoid themselves and that were not outweighed by countervailing benefits to consumers or competition. Therefore, the Corporate Defendants' practices constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. §§ 45(a) and 45(n).

11. As alleged in the Complaint, the Corporate Defendants operated as a common enterprise while engaging in the unfair acts and practices set forth in these Findings. The Corporate Defendants conducted the business practices through an interrelated network of companies that have common ownership, officers, managers, business functions, employees, and office locations, and that commingled funds. Because the Corporate Defendants operated as a common enterprise, each of them is jointly and severally liable for the acts and practices set forth in these Findings.

12. No hearing is necessary for the Court to make a determination with respect to equitable monetary relief, as the consumer injury is established through undisputed evidence already submitted to the Court. That evidence demonstrates that the Corporate Defendants have caused consumer injury in the amount of $7,135,992.

13. The Court finds that, absent a permanent injunction, the Corporate Defendants are likely to continue to engage in the activities alleged in the Complaint.

14. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to issue injunctive and other relief against violations of the FTC Act and, in the exercise of its equitable jurisdiction, to order restitution and the disgorgement of profits resulting from the Corporate Defendants' unlawful acts or practices, and issue other ancillary equitable relief.

15. This Court is persuaded that the danger of future violations by the Corporate Defendants justifies the issuance of injunctive relief. Specifically, it is proper in this case to issue a permanent injunction that: (a) permanently bans the Corporate Defendants from selling, transferring, or otherwise disclosing a consumer's sensitive personal information; (b) prohibits the Corporate Defendants from making certain misrepresentations in connection with the marketing of financial related products or services or other products or services; and (c) provides such other ancillary relief as is necessary to assist the FTC and the Court in monitoring the Corporate Defendants' compliance with such a permanent injunction.

16. It is proper in this case to enter an equitable monetary judgment against the Corporate Defendants for their violations of Section 5 of the FTC Act. The FTC is entitled to judgment against the Corporate Defendants, jointly and severally, in the amount of $7,135,992, the injury caused to consumers by them, even though this amount may exceed their unjust enrichment.

17. Entry of this Order is in the public intereste.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

1. "**Corporate Defendants**" means Sequoia One, LLC and Gen X Marketing Group, LLC, and their successors and assigns.

2. "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

3. **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to: (a) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; (b) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards; (c) improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or (d) provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

4. "**Individual Defendants**" means Jason A. Kotzker, John E. Bartholomew, Jr., Theresa D. Bartholomew, and Paul T. McDonnell.

5. "**Lender**" means any Person who provides or issues loans or other extensions of credit.

6. "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

7. **"Sensitive Personal Information"** means any of the following about a consumer: (a) Social Security number; (b) financial institution account number; (c) credit or debit card

information; or (d) any other information by which a consumer's financial account can be accessed, or by which a consumer might be charged for goods or services, including through third parties such as telecommunications carriers.

# ORDER

## PROHIBITION ON THE DISCLOSURE OF SENSITIVE PERSONAL INFORMATION

**I.** **IT IS THEREFORE ORDERED** that the Corporate Defendants are hereby permanently restrained and enjoined from, or assisting others engaged in, selling, transferring, or otherwise disclosing the Sensitive Personal Information of a consumer to any Person.

## PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES

**II.** **IT IS FURTHER ORDERED** that the Corporate Defendants and their officers, agents, employees, and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or selling of any Financial product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. The likelihood that any Person will obtain a loan or other extension of credit; and

B. The terms or rates that are available for any loan or other extension of credit.

## PROHIBITED MISREPRESENTATIONS RELATING TO ALL PRODUCTS OR SERVICES

**III.** **IT IS FURTHER ORDERED** that the Corporate Defendants and their officers, agents, employees, and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile

transmission, email, or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or selling of any product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. That a consumer has authorized or otherwise consented to the purchase of a product or service;

B. That any particular outcome or result from a product or service is guaranteed, assured, highly likely or probable, or very likely or probable;

C. The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the consumer; and

D. Any other fact material to consumers concerning any product or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## CONSUMER INFORMATION

**IV.** **IT IS FURTHER ORDERED** that the Corporate Defendants and their officers, agents, employees, and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the FTC to administer efficiently consumer redress. If a representative of the FTC requests in writing any

information related to redress, the Corporate Defendant must provide it, in the form prescribed by the FTC, within 14 days.

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) that any Defendant obtained prior to entry of this Order in connection with the marketing or offering of payday loans or other extensions of credit.

C. Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the FTC.

D. *Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

**MONETARY JUDGMENT**

V. **IT IS FURTHER ORDERED** that:

A. Judgment is entered in favor of the FTC and against the Corporate Defendants, jointly and severally with any other Defendant in this action against whom judgment may be entered, as equitable monetary relief, in the amount of SEVEN MILLION, ONE HUNDRED THIRTY-FIVE THOUSAND, NINE HUNDRED AND NINETY-TWO DOLLARS ($7,135,992), with post-judgment interest at the legal rate.

B. The monetary judgment set forth in this Section V shall be reduced by any amounts paid to the FTC pursuant to judgments in this action relating to other Defendants.

C. The monetary judgment set forth in this Section V is enforceable against any asset owned by, on behalf of, for the benefit of, or in trust by or for, either Corporate Defendant.

D. In order partially to satisfy the monetary judgment set forth in this Section V, (a) Fifth Third Bank shall, within ten (10) business days from receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, held in account numbers xxxx4693, xxxx5724, xxxx5732, xxxx7339, and xxxx9052 in the name of Gen X Marketing Group, LLC, and account numbers xxxx7511 and xxxx4354 in the name of Sequoia One, LLC, and (b) Mutual of Omaha Bank shall, within ten (10) business days from receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, held in account numbers xxxx8662 and xxxx8670 in the name of Gen X Marketing Group, LLC d/b/a Pay Me Loans.

E. In order partially to satisfy the monetary judgment set forth in this Section V, any financial or brokerage institution, escrow agent, title company, commodity trading company, business entity, or person, whether located within the United States or outside the United States, that holds, controls or maintains accounts or assets of, on behalf of, or for the benefit of, either Corporate Defendant shall turn over such account or asset to the FTC or its designated agent within ten (10) business days of receiving notice of this Order by any means, including but not limited to via facsimile.

F. All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress

fund.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as the FTC determines to be reasonably related to the Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the United States Treasury as equitable disgorgement.  Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

G. The Corporate Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

H. The judgment entered pursuant to this Section is equitable monetary relief, solely remedial and restitutionary in nature, and not a fine, penalty, punitive assessment or forfeiture.

I. Upon request, the Corporate Defendants are hereby required, in accordance with 31 U.S.C. §  7701, to furnish to the FTC their tax identification numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

J. Upon written request from a representative of the FTC, any consumer reporting agency may furnish consumer reports concerning the Corporate Defendants, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

**ORDER ACKNOWLEDGMENTS**

**VI.** **IT IS FURTHER ORDERED** that the Corporate Defendants obtain acknowledgments of receipt of this Order:

  A. Each Corporate Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

  B. For 20 years after entry of this Order, each Corporate Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

  C. From each individual or entity to which a Corporate Defendant delivered a copy of this Order, that Corporate Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**COMPLIANCE REPORTING**

**VII.** **IT IS FURTHER ORDERED** that the Corporate Defendants make timely submissions to the FTC:

  A. One year after entry of this Order, each Corporate Defendant must submit a compliance report, sworn under penalty of perjury:

   1. Each Corporate Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with the Corporate

        Defendant; (b) identify all of the Corporate Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how the Corporate Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

B. For 20 years following entry of this Order, each Corporate Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1. The Corporate Defendant must report any change in: (a) any designated point of contact; or (b) any entity that the Corporate Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Each Corporate Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against the Corporate Defendant within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct. Executed on:\_\_\_\_\_" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Sequoia One, et al.*, Matter No. X150055.

**RECORDKEEPING**

**VIII. IT IS FURTHER ORDERED** that the Corporate Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, the Corporate Defendants must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E. A copy of each advertisement or other marketing material.

## COMPLIANCE MONITORING

**IX. IT IS FURTHER ORDERED** that, for the purpose of monitoring the Corporate Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC, each Corporate Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of Court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the FTC is authorized to communicate directly with each Corporate Defendant. Each Corporate Defendant must permit representatives of the FTC to interview any employee or other person affiliated with that Corporate Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Corporate Defendants or any individual or entity affiliated with the Corporate Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

**ENTRY OF JUDGMENT**

**X.** **IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to defendants Sequoia One, LLC and Gen X Marketing Group, LLC.

**RETENTION OF JURISDICTION**

**XI.** **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED:**

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

DATED: November 14, 2016 _____